JWB

**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Robert Bixler,

Plaintiff,

vs.

Joseph Arpaio, et al.,

Defendants.

No. CV 06-2393-PHX-DGC (ECV)

**ORDER**

Plaintiff Robert Bixler, confined in Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the Complaint with leave to amend.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00 for this action. The Court will assess no initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved" but not if a complaint "lacks merit entirely." Id. at 1129. The Court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts or if it appears at all possible that the defect can be corrected. Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III. Complaint**

Plaintiff's Complaint names Maricopa County Sheriff Joseph Arpaio and 25 John and Jane Does as Defendants and raises two claims for relief: (1) the medical staff at the Fourth Avenue Jail has not provided Plaintiff with the prescription drug Paxil, even though that is the drug that Plaintiff was prescribed by a private doctor, and (2) Plaintiff has been subjected to cruel and unusual punishment due to Defendants' tampering with Plaintiff's psychiatric and medical prescriptions. Plaintiff seeks injunctive relief and monetary relief not to exceed $100,000.

**IV. Failure to State a Claim**

**A. Failure to Link Claims to Defendant Arpaio**

To state a § 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury

and that conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not connected either of his claims to Defendant Arpaio.

Arpaio cannot be liable simply based upon his position. There is no *respondeat superior* liability under § 1983. A defendant's position as the supervisor of a person who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. There are no allegations to show that Arpaio participated in or directed the alleged constitutional violations, or that he knew of the violations and failed to act to prevent them.

Plaintiff may name persons in their individual or official capacities. If Plaintiff chooses to name a Defendant in his individual capacity, he must write short, plain statements telling the court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that person's conduct. Rizzo, 423 U.S. at 371-72, 377. Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to do this for any person named as a Defendant, the court will dismiss that Defendant from this action. Plaintiff has not articulated what Arpaio has done to violate Plaintiff's constitutional rights. Accordingly, Plaintiff has failed to properly name Arpaio in his individual capacity.

Regarding Arpaio in his official capacity, a suit against him officially is equivalent to a suit brought against the governmental entity. See Will v. Michigan Dep't of State Police,491 U.S. 58, 71 (1989). In this case, the governmental entity is Maricopa County. A county is the liable entity under § 1983 when its policy, practice or custom causes constitutional injury. See Monell, 436 U.S. at 694. In that instance, the county's liability is based on the actions of its policymakers, such as a sheriff. See Cortez v. County of Los

Angeles, 294 F.3d 1186, 1188-92 (9th Cir. 2001) (finding that sheriff acted on behalf of county, subjecting county to § 1983 liability). A sheriff could be sued in his official capacity for a policy, practice, or custom he put into place on behalf of the county that caused the constitutional injury. Plaintiff avers that Arpaio is responsible for the policies regarding medical treatment, however Plaintiff fails to articulate which policy enacted by Arpaio has caused a deprivation of Plaintiff's constitutional rights. Accordingly, there are no allegations to support liability against Arpaio in his official capacity.

**B. Failure to Attribute Conduct to John Doe Defendants**

Plaintiff has also named 25 John or Jane Doe Defendants who have refused to supply medication to Plaintiff. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Because Plaintiff's Complaint is being dismissed with leave to amend, the Court cannot serve the unknown Defendants. Plaintiff must rename the John Doe Defendants in an amended complaint, if he chooses to file one. The Court notes that Plaintiff must attribute conduct to the unknown Defendants. Plaintiff merely alleges in his Complaint that "medical staff" refused to provide Plaintiff with Paxil. That statement does not articulate any individual, albeit a nameless individual, who has violated Plaintiff's constitutional rights. In an amended complaint, Plaintiff must specifically allege what each John Doe Defendant did, or failed to do, that violated Plaintiff's constitutional rights.

///

**C. Failure to Allege Sufficient Facts to Support a Constitutional Violation**

Plaintiff's Complaint also fails to state a claim for a cognizable constitutional violation. Plaintiff avers that his Eighth Amendment rights have been violated because of the medical staff's refusal to provide Plaintiff with the prescription drug Paxil. Rather, Plaintiff was given Prozac and Wellbutrin, but not in the same dosages he had been prescribed before his incarceration.

To prevail on an Eighth Amendment claim, a plaintiff, whether a convicted inmate or pretrial detainee, must show that defendants were "deliberately indifferent" to the alleged constitutional violations. Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). To state a § 1983 medical claim under the Eighth Amendment, Plaintiff must show that Defendants acted with "deliberate indifference to his serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff must show the delay in treatment was harmful. Id.

The indifference must be substantial, and the conduct must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06, 97 S.Ct. at 291. Inadequate treatment due to malpractice or even gross negligence does not constitute an eighth amendment violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

To state a claim of deliberate indifference, a plaintiff must allege that a specific defendant, despite his knowledge of a substantial risk of serious harm to the plaintiff, failed to take reasonable measures to abate the harm. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The alleged constitutional deprivation must be, "objectively, 'sufficiently serious'" *i.e.*, the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Id. at 834, 114 S.Ct. at 1977. Further, the

prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. The Supreme Court has further defined this subjective test:

> the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837, 114 S.Ct. at 1979. Here, Plaintiff describes nothing more than a difference of opinion in how to treat Plaintiff's mental condition. Plaintiff acknowledges that he receivecd treatment for his medical condition. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.), cert. denied, 117 S.Ct. 585 (1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Accordingly, Plaintiff's Complaint will be dismissed with leave to amend.[1]

**V. Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for a first amended complaint. If Plaintiff fails to use

---

[1] The Court further notes that throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violate an Amended Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means by which unconstitutional conditions are corrected but they do not create or enlarge constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not properly brought in this action. Instead, his allegations must separately state a violation of a constitutional right. At this juncture, as described *supra*, Plaintiff's allegations do not state a claim for a constitutional violation and Plaintiff must amend his Complaint.

the court-approved form, the Court may strike the Amended Complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

### C. Copies

Plaintiff must submit an additional copy of every document that he files for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

///

///

**D. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E. Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed no initial partial filing fee.

(3) The Complaint (Doc. # 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

///

///

///

///

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 17th day of October, 2006.

David G. Campbell
United States District Judge

# INFORMATION AND INSTRUCTIONS FOR A PRISONER FILING CIVIL RIGHTS COMPLAINT IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

## I. General Information About the Civil Rights Complaint Form:

A. The Form. The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights. Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form. Your complaint must be typewritten or legibly handwritten. All information must be clearly and concisely written, **only in the space provided on the form.** If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B. Your Signature. You must sign the complaint. Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose. Please review Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C. The Filing Fee. You must pay the $350.00 filing fee. If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*. Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D. Court Divisions. If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should file your complaint in the Phoenix Division of the court. If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court. If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv 5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk<br>U.S. Courthouse, Suite 321<br>401 West Washington Street, SPC 10<br>Phoenix, Arizona 85003-2119 | | U.S. District Court Clerk<br>U.S. Courthouse, Suite 1500<br>405 West Congress Street<br>Tucson, Arizona 85701-5010 |

E. Certificate of Service on Defendants. You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis). Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed. Any document received by the court which does not include a certificate of service may be stricken. A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this __ day of___(month)___, (year) , to:
Name: ______________________
Address:______________________
Attorney for Defendant(s)/Respondent(s)

________________
(Signature)

F. Original and Judge's Copy. You must furnish an original and one copy of any document submitted to the court. You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you. All copies must be identical to the original.

G. Exhibits. You should not submit exhibits with the complaint. Instead, the relevant information should be paraphrased in the complaint. You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H. Change of Address. You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I. Amended Complaint. If you need to change any of the information in the initial complaint, you must file an amended complaint. The amended complaint must be written on the court-approved civil rights complaint form. Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer. After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint. Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading. Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J. Letters and Motions. It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers. The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II. Completing the Civil Rights Complaint Form:

**HEADING:**

1. Your Name. Print your name, prison or jail inmate number, and mailing address on the lines provided.

2. Defendants. Print the names of each of your defendants. If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided. On the additional page you must list the names of **all** of the defendants. This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page. The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants). See Rule 10(a) of the Federal Rules of Civil Procedure.

3. Jury Demand. If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so will result in the loss of the right to a jury trial. A jury trial is not available if you are seeking only injunctive relief.

**Part A. JURISDICTION:**

1. Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other." If you mark "other," identify the source of that authority.

2. Plaintiff. Print all of the requested information on the spaces provided. Identify the institution and city where the alleged violation of your rights occurred.

3. Defendants. Print all of the requested information about each of the defendants in the spaces provided. If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B. PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner. Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C. CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated. The form provides space to allege three separate counts (one violation per count). If you are alleging more than three

counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. Counts. You must identify which civil right was violated. YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. YOU MAY CHECK ONLY ONE BOX PER COUNT. If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. Supporting Facts. After you have identified which civil right was violated, you need to state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you need to identify which defendant did what act. You also need to state the date(s) on which the act(s) occurred if possible.

4. Injury. State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies. Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint. 42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action. Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D. REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint. Your signature must be an original signature, not a photocopy.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed by the court. All questions must be answered concisely in the proper space on the form. If needed, you may attach no more than fifteen additional pages. The form, however, must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_______________________________________
Name and Prisoner/Booking Number

_______________________________________
Place of Confinement

_______________________________________
Mailing Address

_______________________________________
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_______________________________________, (Full Name of Plaintiff) Plaintiff,

vs.

_______________________________________,

_______________________________________,

_______________________________________,

_______________________________________, (Full Name of Each Defendant) Defendant(s).

**CASE NO.** _______________________
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   a. ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
   b. ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   c. ☐ Other: (Please specify.) _______________________.

2. Name of Plaintiff: _______________________.
   Present mailing address: _______________________.
   **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

   Institution/city where violation occurred: _______________________.

3. Name of first Defendant: ______________________________. The first Defendant is employed as: ______________________________at______________________________.
(Position and Title) (Institution)

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: ______________________________
______________________________.

4. Name of second Defendant: ______________________________. The second Defendant is employed as: ______________________________at______________________________.
(Position and Title) (Institution)

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: ______________________________
______________________________.

5. Name of third Defendant: ______________________________. The third Defendant is employed as: ______________________________at______________________________.
(Position and Title) (Institution)

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: ______________________________
______________________________.

6. Name of fourth Defendant: ______________________________. The fourth Defendant is employed as: ______________________________at______________________________.
(Position and Title) (Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: ______________________________
______________________________.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☐ Yes ☐ No

2. If your answer is "yes," how many lawsuits have you filed? ______. Describe the previous lawsuits in the spaces provided below.

3. First prior lawsuit:
   a. Parties to previous lawsuit:
      Plaintiff: ______________________________.
      Defendants: ______________________________
      ______________________________.

      b. Court: (If federal court, identify the district; if state court, identify the county.) ____________________
__________________________________________________________________________.
c. Case or docket number: __________________________________________________.
d. Claims raised: ____________________________________________________________
__________________________________________________________________________
__________________________________________________________________________
e. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) ________
__________________________________________________________________________.
f. Approximate date lawsuit was filed: ____________________________________________.
g. Approximate date of disposition: ______________________________________________.

4. Second prior lawsuit:
a. Parties to previous lawsuit:
Plaintiff: ______________________________________________________________.
Defendants: ____________________________________________________________
__________________________________________________________________________.
b. Court: (If federal court, identify the district; if state court, identify the county.) ____________________
__________________________________________________________________________.
c. Case or docket number: __________________________________________________.
d. Claims raised: ____________________________________________________________
__________________________________________________________________________
__________________________________________________________________________.
e. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) ________
__________________________________________________________________________.
f. Approximate date lawsuit was filed: ____________________________________________.
g. Approximate date of disposition: ______________________________________________.

5. Third prior lawsuit:
a. Parties to previous lawsuit:
Plaintiff: ______________________________________________________________.
Defendants: ____________________________________________________________
__________________________________________________________________________.
b. Court: (If federal court, identify the district; if state court, identify the county.) ____________________
__________________________________________________________________________.
c. Case or docket number: __________________________________________________.
d. Claims raised: ____________________________________________________________
__________________________________________________________________________
__________________________________________________________________________.
e. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) ________
__________________________________________________________________________.
f. Approximate date lawsuit was filed: ____________________________________________.
g. Approximate date of disposition: ______________________________________________.

**(If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C. CAUSE OF ACTION

### COUNT I

1. The following constitutional or other federal civil right has been violated by the Defendant(s): ____________
________________________________________________________________
________________________________________________________________.

2. Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______________________________.

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).

________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________
________________________________________________________________.

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).

________________________________________________________________
________________________________________________________________
________________________________________________________________.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. ______________________________________________
   ________________________________________________________________.

**COUNT II**

1. The following constitutional or other federal civil right has been violated by the Defendant(s): ______________________________________________________________________________.

2. Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______________________.

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).
______________________________________________________________________________.

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
______________________________________________________________________________.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. ______________________________________________________________.

## COUNT III

1. The following constitutional or other federal civil right has been violated by the Defendant(s): ____________________________________________.

2. Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ____________________.

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).

____________________________________________.

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).

____________________________________________.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. ____________________________________________.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D. REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ______________________________
DATE

______________________________
SIGNATURE OF PLAINTIFF

______________________________
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

______________________________
(Signature of attorney, if any)

______________________________
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If needed, you may attach no more than fifteen additional pages. The form, however, must be completely filled in to the extent applicable.